IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASSOCIATED UTILITY
CONTRACTORS OF MARYLAND, INC,:
    Plaintiff

v.                             CIVIL NOS. AMD 98-4060 and
                                   AMD 00-2259

THE MAYOR AND CITY COUNCIL
OF BALTIMORE, et al.,
    Defendants

...oOo...

ORDER

In case number AMD 00-2259, filed on July 25, 2000, plaintiff Associated Utility Contractors of Maryland, Inc. ("AUC") has filed a motion for a temporary restraining order and other relief in which it seeks to have the court prohibit defendant Mayor and City Council of Baltimore ("the City") from implementing the City's 1999 goals for Minority- and Women-Owned Business Enterprise ("MWBE") participation in a specific City contract under the authority of Baltimore City Ordinance 610, Balt. City Code §§217-226B ("Ordinance 610"). In case number AMD 98-4060, I had entered an order on December 17, 1999 ("the December order"), declaring unconstitutional the City's use of set-aside goals on the authority of Ordinance 610, and, in particular, enjoining the City's enforcement of the Ordinance in respect to "construction contracts."

The present dispute arises from the parties' differing interpretations of the December order as it relates to the City's solicitation of bids for a *landscaping* project. Specifically, AUC objects to the City's announcement that no bids will be deemed responsive on the



Ashburton Wash Lake Dam Project ("City Contract BP-01028") unless such bids include commitments of participation by MWBEs in compliance with the Ordinance. In contrast, the City contends that the December order was limited by its very terms to "construction contracts," that City Contract BP-01028 is a "service contract" and that therefore it is not encompassed by the prohibition of the December order.[1]

A hearing was held on July 28, 2000, on plaintiff's motion for a temporary restraining order, which has been treated, as well, as a request for clarification in case number AMD 99-4060 of the December order. Counsel for the parties were present and argued extensively.

As I explained on the record of that hearing, and for the reasons there stated, I deem it appropriate, for the benefit of the parties, to clarify the December order (and the related portions of the Memorandum Opinion filed on February 16, 2000). The term, "construction contracts" as used in paragraph (2) of the December order and in the Memorandum Opinion includes and encompasses "public works contracts" and contracts for "professional services" within the contemplation of § 220(a) of the Ordinance, and specifically includes and encompasses "contracts for any construction, maintenance, repair or demolition of physical facilities for the City of Baltimore or any agency thereof."

For the reasons stated on the record, including grave doubt as to the plaintiff's standing to seek the specific equitable relief it purports to seek in respect to City Contract

---

[1] As I explained in detail on the record during the hearing, the City's attempt to craft a "services contract" exception to the December order is emphatically rejected as a matter of fact and law.

2

BP-01028, and in the absence of any showing of irreparable harm to the present plaintiff, in any event, the request for a temporary restraining order is denied.[2]

Accordingly, it is by the United States District Court for the District of Maryland this 28th day of July, 2000, ORDERED

(1) That the motion of plaintiff Associated Utility Contractors of Maryland, Inc. for a temporary restraining order is DENIED; and it is further ORDERED

(2) That, as elaborated on the record, the term "construction contracts" as used in the December 17, 1999, order and the February 16, 2000, Memorandum Opinion in Case No. AMD 98-4060 includes and encompasses "public works contracts" and contracts for "professional services" within the contemplation of § 220(a) of the Ordinance and specifically includes and encompasses "contracts for any construction, maintenance, repair or demolition of physical facilities for the City of Baltimore or any agency thereof;" and it is further ORDERED

(3) That the Clerk shall TRANSMIT a copy of this Order to counsel of record in both cases.

_____
ANDRE M. DAVIS
United States District Judge

---

[2] Moreover, as explained on the record in open court, there is no support whatsoever for a finding that the City is in contempt of court for adhering, in the absence of the clarification provided herein, to its narrow interpretation of the December order.